UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:  
Biscayne Park LLC

Case No. 10-20941-AJC
Ch 11

_____/

# EMERGENCY MOTION PURSUANT TO 11 U.S.C. §§ 361, 362 AND 363 AND FED. R. BANKR. P. 4001 AND 9014, FOR AN INTERIM AND FINAL ORDER AUTHORIZING THE USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION
(Emergency hearing requested)

### Statement of Exigent Circumstances

The Debtors seek to continue to operate their business , to preserve the value of the real estate, to preserve the estate and to facilitate a successful reorganization or other disposition. Without the immediate authorization to use cash collateral, the Debtors will not be able to meet current obligations or acquire goods and services necessary for their day-to-day operations. The Debtors believe that a hearing on this Motion is needed as soon as possible in order for them to continue to operate their property for this purpose.

Biscayne Park LLC (the "Debtor"), by and through undersigned counsel, pursuant to 11 U.S.C. §§ 361, 362 and 363, Fed. R. Bankr. P. 4001(b) and 9014, and Local Rules 9013-1(G) and 9075-1, file this *Debtors' Motion, Pursuant to 11 U.S.C. §§ 361, 362 and 363, Fed. R. Bankr. Pr. Rules 4001(b) and 9014, and Local Rules 9013-1(G) and 9075-1 For the Entry of an Interim and Final Order Authorizing the Use of Cash Collateral and Granting Adequate Protection* (the "Motion") seeking entry of an order authorizing the use of cash, including cash collateral in which, Madison Realty LP (De) (collectively, the "Lender") may claim an interest and the granting of adequate protection.  In support of this Motion, the Debtors rely upon the *budget* filed as Exhibit A hereto, and respectfully represent as follows:

### I. Jurisdiction

1. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this District pursuant to 28 U.S.C. § 1408.

### II. Background

2. On April 26, 2010 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11, title 11, United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

3. The Debtor is operating its business and managing its affairs as debtors in possession, 11 U.S.C. §§ 1107(a) and 1108.

4. No trustee, or examiner or committee has been appointed in these Chapter 11 cases.

5. Pre-petition, the Debtor operated it business. A motion for receiver was filed and the court appointed a receiver, but Debtor filed within 30 minutes of the hearing, and the receiver never qualified for nor took office, and has not taken possession of any property.

6. The difficulties confronting the recession, real estate values and finance issues have been widely reported in the media. Because the Debtor could not readily sell or refinance, it commenced this Chapter 11 case to preserve the value of its assets for all constituents. The Debtor believes that the value of the estate can be best realized through an orderly reorganization and disposition.

### III. Requested Relief and Basis Therefor

7. By this Motion, the Debtor seeks the entry of an interim Order (the "Interim Order")

authorizing, use of "Cash Collateral" (as that term is defined in Section 363(a) of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code")).  The filing of this Motion does not constitute an admission by the Debtors' that any of the Lenders hold valid liens on the Debtors' cash.  The Debtors reserve the right to contest the validity, priority and extent of each Lenders' liens as well as the amount of each of the Lenders' claims.

8. An immediate and critical need exists for the Debtors to be permitted access to Cash Collateral to continue to operate.  Therefore, the Debtor seeks an preliminary hearing (the "Preliminary Hearing") in accordance with Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules").  At the Preliminary Hearing, the Debtors will seek entry of an Interim Order. , in compliance with the budget attached hereto as **Exhibit A** (the "Budget") and in order to, *inter alia*, pay wages, other direct operating expenses, to preserve the value of their assets so as to avoid immediate and irreparable harm to their estates, and to afford the Debtors adequate time to negotiate and seek approval for additional cash collateral use, subject to and within the limits imposed by the mutually agreed upon Budget.

9. By this Motion, the Debtor further seeks a final hearing (the "Final Hearing") on this Motion, to be held no less than fifteen (15) days from service of a notice of hearing on such Final Hearing, in accordance with Bankruptcy Rule 4001(b)(2) and (3).

10. The following lenders may assert an interest in cash collateral: Madison Realty LP.

11.  To the extent that non-bankruptcy law provides that a creditor must be able to identify cash proceeds in order to maintain an interest in them, see U.C.C. § 9-306(2), which provides in part that a "security interest continues in *identifiable* proceeds including collections received by the debtor" (emphasis added), the Debtors reserve the right to contest whether the commingled cash

constitutes cash collateral under § 363(a) of the Bankruptcy Code.

12. Debtor will use those proceeds to fund their post-petition operations in the ordinary course of business for those purposes and in those amounts set forth in the Budget.

13. As adequate protection for the use of Cash Collateral the Debtors propose to grant the Lenders replacement liens on all post-petition property that is of the same nature and type of each Lenders' pre-petition collateral.

14. Entry of the Interim Order will minimize disruption of the Debtors' business and permit the Debtors to meet payroll and other operating expenses and maintain vendor support. The use of Cash Collateral sought herein is vital to avoid immediate and irreparable harm to the Debtors' estate.

15. Absent the use of the Cash Collateral, the Debtors' estates would not have the necessary funds to satisfy their obligations. Allowing the use of the Cash Collateral, therefore, is in the best interests of the Debtors' estate and creditors.

16. The terms of the proposed use of the Cash Collateral and adequate protection arrangements are fair and reasonable under the circumstances and reflect the Debtors' exercise of prudent business judgment.

17. The Debtors believe that the relief sought in this Motion is in the best interests of the Debtors, their estates and creditors, and that the entry of the Interim Order will, *inter alia*, allow for the continued operation of the Debtors' existing business for the purposes set forth above.

**Notice of Final Hearing**

18. Upon entry of the Interim Order, the Debtors will serve a copy of the Interim Order on those parties identified on the parties interested and any other entities that the Court may direct.

**WHEREFORE**, the Debtor respectfully request sthat the Court: (i) Grant this Motion;

(ii) enter the Interim Order in the form attached hereto as **Exhibit B**; (iii) schedule a final hearing on this Motion; and (iv) grant such other and further relief as the Court deems just and proper.

### Certificate Of Service

**I hereby certify** that on April 28, 2010, a true and correct copy of the foregoing was served upon all parties as indicated below, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the notice of electronic filing indicates that notice was electronically mailed to said party: Counsel for Lender: Ronald Marshall Rosengarten

| | |
|---|---|
| Address: | Greenberg Traurig P A |
| | 1221 Brickell Ave |
| | Miami, Florida 331313224 |
| | United States |
| Phone: | 305.5790519 |
| Fax: | 305.5790717 |
| E-Mail: | rosengartenr@gtlaw.com |

JOEL M. ARESTY, P.A.
Counsel for Debtor
**Offices at Sailboat Cay**
**13499 Biscayne Blvd**
**STE T3 (18th Floor)**
**North Miami, FL 33181-2061**
**Phone: 305-899-9876**
**Fax: 305-723-7893**
E-mail: Aresty@Mac.com
http://www.Joelaresty.com
By:/s/ Joel M. Aresty, Esq.
Fla. Bar No. 197483

EXHIBIT "A"

Biscayne Park, LLC
30 Day Budget

Projected Income: $70,000.00

Operating Expenses:

| | |
|---|---|
| Telephone | $230.00 |
| Security (Alarm) | $150.00 |
| Electric | $600.00 |
| Miami-Dade Water and Sewer | $4,900.00 |
| Insurance | $2100.00 |
| Payroll Services and Payroll Taxes | $625.00 |
| Repairs and Supplies | $2,000.00 |
| Payroll: | |
|     Roberto Bulnes | $1,440.00 |
|     Emilio Zangroniz | $ 800.00 |
|     Esteban Perez | $1,920.00 |
|     Martha Fernandez (Replacement of Emil Esmurdoc) | $2,400.00 |
| Property Management Fees | $4,000.00 |
| Eviction Filing Fees and Process (2 Evictions) | $740.00 |
| Miami Dade Tax Collector (Payment of Current Property Taxes) | $23,944.71 |

Total Operating Expenses: $45,849.71

Exhibit "B"

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA
# www.flsb.uscourts.gov

**In re:**                                     **Case No. 10-20941-AJC**
**Biscayne Park LLC**                          **Ch 11**
**_____/**

### INTERIM ORDER (I) AUTHORIZING IN PART USE OF
### CASH COLLATERAL; (II) GRANTING ADEQUATE
### PROTECTION; AND (III) SCHEDULING FINAL HEARING

THIS MATTER came before the court on am
in Miami, Florida, upon the *Debtors' Emergency Motion Pursuant to 11 U.S.C. §§ 361, 362 and 363 and Fed.R.Bankr.P. 4001 and 9014, For an Interim and Final Order Authorizing the Use of Cash Collateral and Granting Adequate Protection* (the "Motion") (C.P. No.  ) filed by the above-captioned debtor-in-possession (the "Debtor"). The Motion seeks the entry of an interim order authorizing, on an emergency and limited basis, use of "Cash Collateral" (as that term is defined in Section 363(a) of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code")), including the Cash On Hand (as defined in the Motion), and granting adequate protection to JP Morgan Chase (collectively, the "Lenders"). The Court has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  The relief requested in the Motion is in the

best interests of the Debtors, their estates and creditors.  Proper and adequate notice of the Motion and the hearing thereon has been given and no other or further notice is necessary. Accordingly, the Court **ORDERS**:

1. The Motion is **GRANTED in part**.
2. The Debtors are authorized to use Cash Collateral only on the terms and conditions set forth on the record at the hearing
3. As adequate protection for the use of Cash Collateral, the Lender is granted a replacement lien on the all post-petition property of the Debtor that is of the same nature and type as Lender's pre-petition collateral.
4. Nothing in this Order shall constitute an adjudication of the validity, priority or extent of any Lender's liens, or the amount of Lender's claim.
5. Final hearing is set for                            am. Any motions filed by Lender will also be considered at that same time.

# # #

Submitted by:
JOEL M. ARESTY, P.A.
Counsel for Debtor
**Offices at Sailboat Cay**
**13499 Biscayne Blvd**
**STE T3 (18th Floor)**
**North Miami, FL 33181-2061**
**Phone: 305-899-9876**
**Fax: 305-723-7893**
E-mail: Aresty@Mac.com
http://www.Joelaresty.com
By:/s/ Joel M. Aresty, Esq.
Fla. Bar No. 197483

Mr. Aresty shall serve copies to all parties in interest
by CMECF or mail